**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**UNITED STATES OF AMERICA**

vs.                                                            3:02cr94/RV
                                                                          3:07cv73/RV/MD

**LESLY ALEXIS**

## REPORT AND RECOMMENDATION

This matter is before the court upon a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 (doc. 126). The government has filed a response (doc. 130) and the defendant has filed a reply (doc. 136). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that defendant has not raised any issue requiring an evidentiary hearing, Rules Governing Section 2255 Cases 8(a) and (b), and that the motion should be denied.

**I. BACKGROUND**

Defendant was convicted after a jury trial of a single count of conspiracy to possess with intent to distribute in excess of five kilograms of cocaine hydrochloride and 50 grams or more of cocaine base.[1] (Doc. 48).

---

[1] He was acquitted of four other counts of the indictment. (Doc. 48)

The PSR attributed 128 kilograms of powder cocaine and 11.25 kilograms of cocaine base to the defendant. (PSR ¶ 32). Because the defendants were aware that it was the practice of the individuals involved in the conspiracy to "cook" and sell cocaine base, the powder was converted to cocaine base by using a multiplier of .80 and added to the other quantity, yielding 113.65 kilograms of cocaine base (102.4 + 11.25 kilograms = 113.65 kilograms of cocaine base).  (PSR ¶ 32).  Defendant's base offense level for this quantity of cocaine base was 38;[2] defendant received a two level adjustment for his role in the offense and a two level adjustment of obstruction of justice for a total offense level of 42.  He had a criminal history category of I.  The applicable guidelines range was 360 months to life.

Defendant objected to the characterization of his role in the offense, the amount of cocaine attributed to him as not being clearly established at trial, and the application of the obstruction of justice enhancement. (Doc. 54)  With respect to the drug quantity, he objected to the "vague and inconclusive attempt to aggregate amounts of cocaine to him, when it was not clearly established at trial," and that the amount attributed to him was "unfounded and unproven" including with respect to how much the defendant was '"aware of." (Doc. 54 at 1-2).

The court overruled the objection to drug quantity (doc. 75 at 18) and sustained the objection to defendant's role in the offense in part, assessing only a two level adjustment.  (Doc. 75 at 38).  The objection to the obstruction of justice adjustment was also overruled.  (Doc. 75 at 40-41).  Defendant was sentenced to a term of 384 months imprisonment, which was at the lower end of the guidelines range.  (Doc. 75 at 50).

On appeal, defendant argued that (1) the late hour of juror deliberations after an 11-hour trial day deprived him of a fair trial; (2) the district court erred in calculating his offense level at sentencing by attributing a clearly erroneous quantity

---

[2] Actually, only 1.5 or more kilograms of cocaine base would have yielded the same base offense level.

*Case No: 3:02cr94/RV; 3:07cv73/RV/MD*

of cocaine and cocaine base to him; and (3) the district court erred in assessing a two-point increase in the base offense level for his managerial role. (Doc. 93).

In the present motion, defendant claims trial and appellate counsel were constitutionally ineffective because they failed to raise Sixth Amendment claims pursuant to *Apprendi*,[3] *Blakely*,[4] and *Booker*.[5] The government opposes the motion in its entirety.

## II. TIME LINE

Because the defendant's claims rely on cases that were decided during the pendency of the criminal proceedings and direct appeal, the following time line is set forth as a guide:

1. On June 26, 2000, the Supreme Court decided the seminal case of *Apprendi v. New Jersey*, holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  530 U.S. at 490, 120 S.Ct. at 2362-63.

2. On October 17, 2001, the Eleventh Circuit held in *United States v. Sanchez*, 269 F.3d 1250 (11th Cir. 2001)(en banc), that *Apprendi* was not implicated as long as the defendant was not sentenced beyond the prescribed statutory maximum for the crime of conviction. *Sanchez,* 269 F.3d at 1262-63, 1288.

3. On July 29, 2003, the defendant was sentenced to a term of 384 months imprisonment. (R57; R75).  The maximum penalty for the defendant's crime of conviction as found by the jury, conspiracy to possess with the intent to distribute more than five kilograms of cocaine and more than 50 grams of cocaine base (doc. 47), was, and is, life imprisonment. 21 U.S.C. §§ 841(b)(1)(A)(ii) & (iii), 846. Since the

---

[3] *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000).

[4] *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

[5] *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

district court did not sentence the defendant to more than life imprisonment, pursuant to the then-binding precedent of *Sanchez,* the district court's sentence did not implicate *Apprendi. Sanchez,* 269 F.3d at 1262-63, 1288.[6]

**4.** On January 14, 2004, the defendant's appellate counsel filed his initial brief, which was received by the Eleventh Circuit on January 15, 2004. (Doc. 130, exh. B (Eleventh Circuit's docket sheet for this appeal) & C (defendant's initial brief on appeal)).[7]

**5.** On June 24, 2004, the Supreme Court issued its *Blakely* opinion, in which it clarified that the "statutory maximum" for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.* 542 U.S. at 303-304, 124 S.Ct. at 2537-38.

**6.** On June 30, 2004, the defendant filed a motion to file a supplemental brief in order to present an argument that *Blakely* applied to the federal Sentencing Guidelines. The government did not receive the motion because it was sent to the wrong address. (Doc. 130, exh. D).

**7.** On July 6, 2004, the Eleventh Circuit entered an order which construed the defendant's June 30, 2004, motion as a motion to file a substitute brief, granted the motion, ordered that the briefs on file were stricken, and set due dates for the defendant's substitute brief and the government's substitute response brief. (Doc. 130, exh. "E").

**8.** On July 12, 2004, the undersigned received the Eleventh Circuit's July 6, 2004, order, and on that date the government filed a motion to reconsider the order.

---

[6]**The defendant's trial lawyer objected to the defendant's base offense level, aggravating role enhancement and obstruction of justice enhance on the basis that the facts failed to support them, but, consistent with *Sanchez,* he did not challenge them on the basis of *Apprendi*. (R75-3, 5-18, 19-21, 38-39).**

[7]The defendant's appellate lawyer challenged the district court's findings regarding the defendant's base offense level and aggravating role enhancement on the basis that the facts failed to support them, but, consistent with *Sanchez*, he did not challenge them on the basis of *Apprendi*. (See doc. 130, appendix "C").

*Case No: 3:02cr94/RV; 3:07cv73/RV/MD*

(Doc. 130, exh. F). The government, citing five Eleventh Circuit cases, argued that because the defendant's initial brief did not raise an argument that *Blakely* applied to the federal Sentencing Guidelines, the Eleventh Circuit should not have allowed the defendant to file a substitute or supplemental brief to raise that argument. (Doc. 130, exh. F).

9. On August 4, 2004, August 12, 2004, August 20, 2004, August 25, 2004, and September 7, 2004, the government filed notices of supplemental authority in support of its motion to reconsider. (During the late summer of 2004, the Eleventh Circuit repeatedly issued published opinions holding that appellants could not file supplemental or substitute briefs to raise issues not raised in their initial briefs, and the government's notices cited those cases. (See doc. 130, exh. B, Eleventh Circuit docket sheet).

10. On September 2, 2004, the Eleventh Circuit held that *Blakely* did not apply to the federal Sentencing Guidelines. *United States v. Reese*, 382 F.3d 1308, 1310-12 (11th Cir. 2004), vacated for reconsideration in light of *Booker*, 543 U.S. 1114, 125 S.Ct. 1089 (2005).

11. On September 8, 2004, the Eleventh Circuit granted the government's motion for reconsideration and ordered that the appeal would be considered on the briefs previously filed. (Doc. 130, exh. G).

12. On December 1, 2004, the Eleventh Circuit affirmed defendant's conviction and sentence. (Doc. 130, exh. H).

13. On December 21, 2004, the defendant filed a petition for rehearing which the Eleventh Circuit denied on February 4, 2005. (See doc. 130, exh. B).

14. On January 12, 2005, the Supreme Court issued its *Booker* opinion holding that the mandatory nature of the federal guidelines rendered them incompatible with the Sixth Amendment's guarantee to the right to a jury trial.  543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

15. On June 13, 2005, the Supreme Court granted the defendant's petition for a writ of certiorari, vacated the Eleventh Circuit's judgment and remanded the case

to the Eleventh Circuit for further consideration in light of *Booker*. *Alexis v. United States*, 545 U.S. 1112, 125 S.Ct. 2927 (2005); see also doc. 130, exh. B.

16. On July 26, 2005, the Eleventh Circuit directed the parties to file supplemental letter briefs regarding what impact *Booker* had on the case. (Doc. 130, exh. I).

17. On August 11, 2005, the defendant filed his supplemental letter brief, and on August 23, 2005, the government filed its supplemental letter brief in response. (Doc. 130, exh. J & K).

18. On October 13, 2005, the Eleventh Circuit affirmed the defendant's conviction and sentence after reconsideration in light of *Booker*. (Doc. 130, exh. L). The Eleventh Circuit's holding was based on the fact that the defendant did not assert error based on *Apprendi* or its progeny in his initial brief on appeal. (Doc. 130, exh. L, citing *United States v. Sears*, 411 F.3d 1240, 1241 (11th Cir. 2005)).

## III. LEGAL ANALYSIS

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. *Massaro v. United States,* 538 U.S. 500, 503, 123 S.Ct. 1690, 1693, 155 L.Ed.2d 714 (2003); *see also United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002); *United States v. Jiminez*, 983 F.2d 1020, 1022, n. 1 (11th Cir. 1993). Each of defendant's claims concern allegedly deficient performance by appointed counsel. To show a violation of his constitutional right to counsel, defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d (1984); *Williams v. Taylor*, 529 U.S. 362, 390, 120 S.Ct. 1495, 1511, 146 L.Ed.2d 389 (2000); *Gaskin v. Secretary, Dept. of Corrections,* 494 F.3d 997, 1002 (11th Cir. 2007). "*Strickland's* two-part test also applies where a prisoner contends ineffective assistance led him or her to enter an improvident guilty plea." *Yordan v.*

*Dugger,* 909 F.2d 474, 477 (11th Cir. 1990) (citing *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). In applying *Strickland*, the court may dispose of an ineffective assistance claim if defendant fails to carry his burden on either of the two prongs. 466 U.S. at 697, 104 S.Ct. at 2069.

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Id.* at 688, 104 S.Ct. at 2065; *see also Dingle v. Secretary for Dept. of Corrections,* 480 F.3d 1092, 1099 (11th Cir. 2007)*; Atkins v. Singletary*, 965 F.2d 952 (11th Cir. 1992). "[R]eviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance." *Yordan v. Dugger*, 909 F.2d 474, 477 (11th Cir. 1990) (citing *Harich v. Dugger*, 844 F.2d 1464, 1469 (11th Cir. 1988); *Dingle v. Secretary for Dept. of Corrections,* 480 F.3d 1092, 1099 (11th Cir. 2007)*; Chandler v. United States,* 218 F.3d 1305, 1314 (11th Cir. 2000); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation")). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *United State v. Freixas*, 332 F.3d 1314, 1319-1320 (11th Cir. 2003). (quoting *Brownlee v. Haley*, 306 F.3d 1043, 1059 (11th Cir. 2002)(quoting *Strickland*, 466 U.S. at 687, 689-90, 104 S.Ct. at 2064-66 and *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc)). When examining the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." *Chandler*, 218 F.3d at 1316 n. 18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068. For the court to focus merely

on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369-70, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). Defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687). Or in the case of alleged sentencing errors, defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203-04, 121 S.Ct. 696, 700-01, 148 L.Ed.2d 604 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.*

To establish ineffective assistance, defendant must provide factual support for his contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir.), *cert. denied*, 484 U.S. 863, 108 S.Ct. 181, 98 L.Ed.2d 133 (1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *Wilson v. United States,* 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (citing *Blackledge*, 431 U.S. at 74, 97 S.Ct. at 1629); *United States v. Ross*, 147 Fed.Appx. 936, 939 (11th Cir. 2005).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000). This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. *Dingle,* 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision

will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" *Dingle*, 480 F.3d at 1099 (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)).

Defendant claims that trial counsel was ineffective when he failed to object to the drug quantity calculations based on the Sixth Amendment and the jury trial's verdict. He maintains that this resulted in an indirect waiver of raising those objections pursuant to the Sixth Amendment jury trial guarantee on appeal. As noted above, counsel did in fact object to drug quantity calculations. The fact that his objection was not specifically based on *Apprendi* is immaterial. In any event, under binding Eleventh Circuit precedent, *Sanchez, supra*, defendant's attorney was not required to raise an objection based on the principles underlying the *Apprendi* decision. To the extent that defendant faults trial and appellate counsel for failing to make the arguments subsequently upheld in *Blakely* and *Booker*, it is well established that an attorney is not constitutionally ineffective for failing to predict a change in the law. See *Herring v. Secretary, Dept. Of Corrections,* 397 F.3d 1338, 1352 (11th Cir. 2005); *United States v. Ardley*, 273 F.3d 991, 993 (11th Cir. 2001) (citing *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994); *Davis v. Singletary*, 119 F.3d 1471, 1476 (11th Cir. 1997); *Jackson v. Herring*, 42 F.3d 1350, 1359 (11th Cir. 1995); *Pitts v. Cook*, 923 F.2d 1568, 1572-74 (11th Cir. 1991); *Thompson v. Wainwright*, 787 F.2d 1447, 1459 n.8 (11th Cir. 1986)). This is true even when the change is such that the forfeited issues was, in hindsight, a sure winner. *Id.* (Citing *Wright v. Hopper*, 169 F.3d 695, 707-708 (11th Cir. 1999) (*Batson* issue); *Elledge v. Dugger*, 823 F.2d 1439, 1443 (11th Cir. 1987) (*Michigan v. Mosley* issue); *Thompson v. Wainwright*, 787 F.2d at 1459 n. 8 (*Ake* issue)). The Eleventh Circuit has repeatedly followed its "prudential rule" in finding that defendants who fail to raise a *Blakely* or *Booker*-type issue in their initial briefs on direct appeal have abandoned the issue. *United States v. Smith*, 416 F.3d 1350, 1354 (11th Cir. 2005) (citing *United States v. Vanorden*, 414 F.3d 1321, 1322, 2005 WL 1531151, at *1 (11th Cir. 2005) ("Because Vanorden did not challenge his sentence on Sixth Amendment- *Apprendi - Blakely - Booker* grounds

in his first trip through this circuit, this argument is 'deemed abandoned.'"); *United States v. Pipkins*, 412 F.3d 1251, 1253 (11th Cir. 2005) ("The well-established law in our circuit requires that issues be raised in the parties' initial brief."); *United States v. Sears*, 411 F.3d 1240, 1241 (11th Cir. 2005) (stating that "[t]he Appellant's failure to raise the [*Booker*] issue in his initial brief bars him from doing so now"); *United States v. Dockery*, 401 F.3d 1261, 1262 (11th Cir.2005) (declining to consider on remand *Booker* issue not raised in appellant's initial brief). This is not tantamount to a finding that each such attorney provided constitutionally deficient representation. Defendant has not shown that no reasonable lawyer could have acted in the circumstances as defense or appellate counsel acted. *Dingle,* 480 F.3d at 1099.

Finally, the court notes that throughout his motion, defendant argues that the district court erred when it, as opposed to the jury, determined the facts regarding drug quantity and the role and obstruction enhancements, and that appellate counsel was ineffective for his failure to raise this argument. Even post-*Booker* this argument is without merit. *United States v. Smith*, 480 F.3d 1277, 1281 (11th Cir. 2007) ("When the district court applies the Guidelines in an advisory manner, nothing in *Booker* prohibits district courts from making, under a preponderance-of-the-evidence standard, additional factual findings that go beyond a defendant's admissions"); *United States v. Pope*, 461 F.3d 1331, 1335 (11th Cir. 2006) (same); see also *United States v. Kinard*, 472 F.3d 1294, 1297 (11th Cir. 2006) ("Although the Sentencing Guidelines are no longer mandatory after . . . *Booker*, . . . district courts must continue to determine the appropriate guidelines sentencing range under the law as they did prior to *Booker*"). Thus he is not entitled to relief.

Based on the foregoing, it is respectfully RECOMMENDED:
The motion to vacate, set aside, or correct sentence (doc. 126) be DENIED.

At Pensacola, Florida, this 11th day of October, 2007.

Case No: 3:02cr94/RV; 3:07cv73/RV/MD

/s/ *Miles Davis*
    **MILES DAVIS**
    **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. <u>See</u> 28 U.S.C. § 636;** *United States v. Roberts***, 858 F.2d 698, 701 (11th Cir. 1988).**